CARROLL, DONALD, K., Acting Chief Judge.
The defendants in an action for the breach of a guaranty agreement have appealed from a final judgment for the plaintiff entered by the Circuit Court for Oka-loosa County, based upon a jury verdict.
The principal question presented for our determination in this appeal is whether the trial court erred in denying the defendants’ motion for a directed verdict at the close of the evidence on the ground that the plaintiff was estopped to seek recovery under the proven facts. A second point on appeal is whether the trial court erred in failing to give to the jury the defendants’ requested charge number one, discussed below.
The facts established by the evidence at the trial and pertinent to the present consideration are as follows:
In 1964 one Harvey Harrison and the corporate defendant entered into a marine retail installment contract in which Harrison purchased from the said defendant a Chris-Craft, 28-foot Cavalier boat or yacht. According to this contract, which was the standard form supplied by the plaintiff to the said defendant for use in such sales, the sales price was reduced by a down payment and was then increased by fees, insurance premiums, and a time price differential. The insurance amount, $1,658.-05, was intended to insure the boat for a five-year period. At the time of the contract William V. McNeir, Jr., doing business as General Insurance Agency, wrote a policy on the boat for the Standard Marine Insurance Company, Ltd., a foreign corporation, in favor of Harrison and the plaintiff, which remitted the premium on the policy.
Pursuant to the original installment contract, the payments were made to the plaintiff until Harrison notified the plaintiff that he was unable to continue making payments. As a consequence, the plaintiff repossessed the boat on May 12, 1965.
Shortly after the said repossession took place, the corporate defendant made a partial payment on the installment sales contract and then made three regular monthly payments. Before the next payment fell due, the boat was totally destroyed by a hurricane. In May, 1965, the plaintiff requested the insurance company to cancel the policy on the boat as of May, since this was the time when the boat was repossessed.
The fact that the plaintiff had procured such cancellation of the policy was admittedly unknown by the defendants. There was no evidence whatsoever at the trial that the defendants, or any of them, actually knew, before the loss of the boat, that the insurance on the boat had been cancelled.
Therefore, the defendants contend in their main brief, the sole issue for the jury at the trial was whether the plaintiff was estopped to recover “by virtue of the fact that it had gotten the insurance policy cancelled without the knowledge of the defendants before the boat was destroyed notwithstanding the fact that the defendant, Hudson Marine, Inc. was making monthly payments to the plaintiff on a contract amount, a portion of which was for premiums on said policy.”
At the conclusion of all the evidence the defendants made a motion for a directed verdict on the ground that the evidence showed that the plaintiff had cancelled the insurance coverage on the boat before the loss without the knowledge of the defendants but had continued to accept monthly payments, a portion of which was for insurance premiums, from the corporate defendant after the cancellation up to the time of the .loss. The trial court denied this motion.
*652 At the close of the evidence the defendants requested the trial court to give to the jury their requested charge number one (involved in their second point on appeal, as mentioned above), which charge reads as follows:
“If you find from the evidence that the plaintiff, Commercial Credit Corporation was collecting premiums for insurance against a tornado loss and had arranged for payment of the premiums on said policy, then I charge you that the plaintiff, Commercial Credit Corporation, had a duty to the purchaser, Harry A. Harrison, to act in good faith and use reasonable care to maintain such insurance coverage prior to repossession of the boat, and this duty continued to Hudson Marina, Inc. after repossession of the boat, during the time that the plaintiff, Commercial Credit Corporation, accepted monthly payments on the conditional sales contract from Hudson Marina, Inc. knowing that a portion of the monthly installments was designated for the purpose of paying insurance premiums to cover such loss.”
The trial court declined to give this requested charge.
We think that the said requested instruction properly states the law applicable to the situation shown by the evidence at the trial under the issues drawn by the pleadings. The heart of those issues concerned the duty of the plaintiff when it received from the defendants the monthly payments of the insurance premiums. It seems to us that, under the law and in all good conscience, the plaintiff should have immediately taken one of these steps: attempt to reinstate the policy, and so notify the defendants; return the premium money to the defendants with a note of explanation; expressly notify the defendants that the insurance policy had been cancelled, if such was the case, or place the insurance premium payment in a separate fund, subject to the defendants’ call, with a letter to them explaining such action. The plaintiff took none of these steps. If it had taken any of these steps, the defendants could have immediately arranged for other insurance to protect their interest in the boat. Instead, as it turned out, the defendants took a big loss, without insurance coverage when the hurricane destroyed the boat, if the plaintiff prevails in this action.
The judicial difficulty in this appeal arises primarily from the fact that, under our system of jurisprudence, the question of whether the plaintiff was estop-ped was essentially a question of fact for the determination of the jury under proper instructions from the trial court as to the applicable law. As we said above, we think that the above-quoted instruction was a proper charge and that the said charge, if given to the jury, would no doubt have clarified their deliberations on the vital issue of the plaintiff’s estoppel. The court’s refusal to give that requested charge was harmful to the defendants at the trial and hence constitutes a reversible error.
We cannot agree, however, with the defendants’ contention in its principal question on appeal, mentioned early in this opinion, that the trial court erred in denying the defendants’ motion for a directed verdict on the ground that the plaintiff was estopped to seek recovery under the proven facts. As we have pointed out above, the issue of the plaintiff’s estoppel was a question of fact to be determined by the jury under proper instructions from the court, so we think that the court correctly denied the said motion for a directed verdict.
For the foregoing reasons the final judgment appealed from herein must be, and it is, reversed, and the cause is remanded with directions for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
*653 SPECTOR, J., concurs.
WIGGINTON, J., concurs in part, dissents in part.